UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT CANNADY,

               Plaintiff,

     -against-

RAEHAN WATSON,

               Defendant.

24-CV-9300 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is detained at the Hudson County Correctional Center in Kearny, New Jersey, brings this action, *pro se*, under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that Defendant Assistant United States Attorney Reyhan Watson violated his federal constitutional rights. Plaintiff filed the original complaint on November 25, 2024, and, without being directed by the Court, on December 15, 2024, he filed an amended complaint. By order dated January 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are taken from the amended complaint. On May 1, 2024, Plaintiff was arrested by the Federal Bureau of Investigation ("FBI") and charged with extortion. The charges were later reduced to attempted extortion. Plaintiff was extradited to Oklahoma and then to New York.[2]

In 2023, a company named Kyhdryl sued Plaintiff after Plaintiff sent it a "settlement demand letter," and the Chief Judge of the United States District Court for the District of Missouri ordered the parties to mediation. (ECF 4, at 4.) Plaintiff requested a $1.5 million settlement, but the negotiations "broke down" after Plaintiff filed a countersuit. (*Id.*) Plaintiff hired an attorney to represent him "at the beginning of the counter suit" to "review all communications and settlement offers." (*Id.*)

On July 9, 2024, Plaintiff asked the judge and Defendant Watson for "his discovery" and "grand jury min[utes]." (*Id.*) On July 13, 2024, the judge was going to modify the terms of Plaintiff's bail so that he could get medical treatment for his eyes, but Watson "stop[ped] that and told [Plaintiff] that only the attorney may see the discovery and grand jury mins." (*Id.*)

On July 18, 2024, Plaintiff moved to proceed *pro se*, presumably in his federal criminal case, but the "U.S. Attorney Mr. Watson stop and use my private medical records from the V.A. without my author[izing]." (*Id.*)

---

[2] Plaintiff does not specify the state in which he was initially arrested.

On September 12, 2024, Plaintiff objected to a "rule 408 settlement [negotiation] being use[d] against" him, which he alleges is "malicious prosecut[ion]" because rule 408 can't be used in a crim[inal] indictment." (*Id.* at 5.) He alleges that Watson is "colluding with Kyndryl to stop the settlement negotiations." (*Id.*)

Plaintiff asserts claims of malicious prosecution and false imprisonment against Watson. Plaintiff seeks $2 million in damages.[3]

## DISCUSSION

**A.     Prosecutorial immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that Assistant District Attorneys' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs

---

[3] On December 23, 2024, the court received from Plaintiff a document captioned for the United States Court of Appeals for the Eighth Circuit in the case of *Cannady v. Kyndryl* and titled "Show Case Response Motio[n] In Forma Paup[e]ris." (ECF 8.) This document, which argues that Plaintiff should be granted *in forma pauperis* status in the Eighth Circuit, appears to have been filed in this court in error.

were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*, 555 U.S. at 344)).

Although Plaintiff's allegations are confusing, his references to grand jury minutes, discovery, and his request for bail suggests that he is attempting to sue Watson with respect to actions Watson took within the scope of his duties as an Assistant United States Attorney and associated with the conduct of a criminal trial. The Court therefore dismisses these claims because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to further amend his complaint.

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), because it seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 14, 2025
         New York, New York

                                                     /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                     Chief United States District Judge